J-S28019-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EDWARD D. WILSON | : | |
| | : | |
| Appellant | : | No. 1364 WDA 2022 |

Appeal from the PCRA Order Entered November 7, 2022
In the Court of Common Pleas of Armstrong County Criminal Division at
No(s): CP-03-CR-0000647-2018

BEFORE: PANELLA, P.J., OLSON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY OLSON, J.: **FILED: September 12, 2023**

Appellant, Edward D. Wilson, appeals from the order entered on November 7, 2022[1] in the Criminal Division of the Court of Common Pleas of Armstrong County that denied his petition for collateral relief filed pursuant to the Post-Conviction Relief Act (PCRA), 42 Pa.C.S.A. § 9541-9546. We affirm.

This Court previously summarized the historical facts of this case on direct appeal.

> On the evening of July 8, 2018, Chad Bennett ("Bennett"), his ex-girlfriend, Crystal Johns ("Johns"), and friend, Justin Batten ("Batten"), were drinking at the Hot Spot bar in Kittanning, Pennsylvania. At approximately 1:30 a.m. on July 9, 2018,

---

[*] Former Justice specially assigned to the Superior Court.

[1] We have amended the caption to reflect that an appeal properly lies from the entry of a final order, which in this case is the order that dismissed Appellant's petition for collateral relief as untimely. ***See Commonwealth v. Shamberger***, 788 A.2d 408, 410 n.2 (Pa. Super. 2001) (*en banc*).

Bennett, Batten, and Johns left the Hot Spot and drove to the house of Johns's aunt. When they arrived at the house, Johns went inside while Bennett and Batten waited for her to return.

At some point, Johns exited the house and began looking for something in her car. While Bennett and Batten were waiting, [Appellant] arrived at the house on a tractor. [Appellant] got off of the tractor, ran towards Johns, and struck Johns in the face several times. Bennett saw [Appellant] strike Johns, shouted at [Appellant] and walked towards him. [Appellant] and Bennett approached each other and began fighting. Sometime thereafter, Batten broke up the fight. Batten and Bennett discovered that Bennett had suffered a large gash wound from his sternum to his stomach, and Bennett's intestines were visible. No one saw any weapons or sharp objects, and none were recovered. Bennett was transported to the hospital[, where medical personnel removed several feet of his intestines due to] his injuries.

A jury subsequently convicted [Appellant] of [one count each of aggravated assault and simple assault]. The trial court deferred sentencing [to allow preparation of] a pre-sentence investigation report. On April 12, 2018, prior to sentencing, [Appellant] filed a [post-trial motion] alleging that the Commonwealth committed a **Brady**[FN1] violation and requesting a new trial. Specifically, [Appellant] argued that the Commonwealth [] failed to disclose the "Agreement to Classify Case as Inactive" ("Inactive Agreement"),[FN2] which the Commonwealth used to secure Bennett's testimony against [Appellant]. The trial court considered the [m]otion to be a premature post-sentence motion and deferred ruling until after [Appellant's] sentencing.

---

[FN1] **See Brady v. Maryland**, 373 U.S. 83, 87 (1963) (holding that the prosecution must disclose evidence favorable to the accused that is material either to guilt or punishment).

[FN2] In its memorandum and order, the trial court explained the unique practice of inactive status and inactive agreements in Armstrong County. "In Armstrong County, inactive status operates a[s a] general continuance of a case, pending some action that causes the case to be placed back on active status." **See** Post-Sentence Motion Memorandum and Order, 9/20/19, at 3. Further, "[i]nactive agreements are not a matter of public record." **Id.** The original copy of

the agreement is retained by the Court Administrator until active status is resumed, at which point the Court Administrator discards the original agreement. *Id.* Additionally, the Commonwealth keeps a physical copy of any inactive agreements. *Id.*

On July 21, 2017, prior to the filing of charges against [Appellant] in the instant case, Bennett was charged in a separate case with drug-related offenses. The Commonwealth and Bennett subsequently entered into the Inactive Agreement. As a result, Bennett's case was placed on inactive status pending the outcome of [Appellant's] trial. The trial court found that, pursuant to the Inactive Agreement, Bennett waived his Pa.R.Crim.P. 600 speedy trial rights and his right to assert the applicable statute of limitations "as consideration for being placed on [i]nactive [s]tatus." *Id.* at 3. The Inactive Agreement further specified that Bennett's case would remain inactive "until [Appellant's] matter is finalized." *Id.* At some point, the Commonwealth provided discovery materials to [Appellant], but did not include a copy of, or otherwise mention, the Inactive Agreement. *Id.* at 3-5. Ultimately, [Appellant] was not made aware of the Inactive Agreement until post-sentence proceedings. *Id.*

On July 18, 2019, the trial court sentenced [Appellant] to a term of 10 to 20 years in prison for the aggravated assault conviction, with credit for time served, plus fines and costs. The trial court imposed no further penalty for [Appellant's] conviction of simple assault.

On July 24, 2019, [Appellant] filed a supplemental post-sentence motion, in which he incorporated the *Brady* claim, and included a list of witnesses to testify about the Inactive Agreement. The trial court conducted a post-sentence motion hearing on September 6, 2019. On September 20, 2019, the trial court issued a memorandum and order denying [Appellant's] motion for failure to establish the prejudice requirement of *Brady*. Thereafter, [Appellant timely appealed].

*Commonwealth v. Wilson*, 239 A.3d 110, at *1-2 (Pa. Super. 2020)

(unpublished memorandum) (footnotes in original).

- 3 -

On July 29, 2020, this Court affirmed Appellant's judgment of sentence. *See id*. at *3. Specifically, we agreed with the trial court that, although the Inactive Agreement constituted an undisclosed benefit conferred on Bennett, Appellant failed to establish that he was prejudiced by nondisclosure in view of the overwhelming and highly corroborated quantum of evidence that established his guilt.[2] *See id*. Appellant did not petition for review by our Supreme Court.[3]

On September 14, 2020, Appellant filed a timely *pro se* PCRA petition, his first. The court appointed PCRA counsel who filed an amended petition on December 11, 2020. The amended petition alleged that trial counsel was ineffective in failing to have meaningful conversations with Appellant, in failing to raise an alternative theory of defense, and in refusing to allow Appellant to

_____

[2] Appellant withdrew a challenge to the legality of his sentence. *See Wilson*, 239 A.3d 110, at *3 n.4.

[3] Appellant needed to file his petition for allowance of appeal to the Supreme Court no later than August 28, 2020. *See* Pa.R.A.P. 1113(a) (petition for allowance of appeal to Supreme Court shall be filed within 30 days of entry of Superior Court order). As it shall become relevant below, after we affirmed Appellant's judgment of sentence on July 29, 2020 but 10 days before Appellant's petition for allowance became due, our Supreme Court filed its decision in *Commonwealth v. Bagnall*, 235 A.3d 1075 (Pa. 2020). In its August 18, 2020 opinion, the *Bagnall* Court held, *inter alia*, that a homicide defendant was entitled to a new trial due to the prosecution's *Brady* violation where an undisclosed cooperation agreement between the Commonwealth and a witness constituted impeachment evidence that was material to the defendant's case since the defendant established a reasonable probability of a different trial outcome if the agreement had been disclosed. *See Bagnall*, *supra*.

testify at trial. The amended petition did not allege that direct appeal counsel was ineffective in failing to petition for allowance of appeal to our Supreme Court on the strength of **Bagnall**.

The PCRA court convened a hearing on January 21, 2021, at which Appellant and trial counsel testified. On February 4, 2021, the PCRA court dismissed Appellant's petition. We affirmed the dismissal of Appellant's petition on November 16, 2021 and the Supreme Court denied further review on May 3, 2022. **See Commonwealth v. Wilson**, 268 A.3d 427 (Pa. Super. 2021) (unpublished memorandum), *appeal denied*, 277 A.3d 1108 (Pa. 2022).

Appellant filed a second petition, through counsel, on June 23, 2022.[4] This petition alleged that direct appeal counsel was ineffective in failing to seek further review before the Supreme Court in August 2020 after the Court issued its decision in **Bagnall**. The petition also alleged that PCRA counsel who filed an amended petition on December 11, 2020 was ineffective in failing

_____

[4] Appellant's June 2022 petition was preceded by two *pro se* filings submitted on February 24, 2022 and March 29, 2022. Litigation of Appellant's *pro se* submissions could not proceed given the pendency of appellate review on Appellant's first PCRA filing. **See Commonwealth v. Lark**, 746 A.2d 585, 588 (Pa. 2000) ("when an appellant's PCRA appeal is pending before a court, a subsequent PCRA petition cannot be filed until the resolution of review of the pending PCRA petition by the highest state court in which review is sought, or upon the expiration of the time for seeking such review"), *rev'd on other grounds*, **Commonwealth v. Small**, 238 A.3d 1267 (Pa. 2020).

to raise the ineffectiveness of direct appeal counsel. The PCRA court dismissed Appellant's petition on November 7, 2022 and this appeal followed.[5]

Appellant's brief lists two claims for our review.

Whether Appellant has timely filed the instant PCRA petition?

Whether **Bagnall** supports Appellant's claim that he entitled to collateral relief on his **Brady** claim?

Appellant's Brief at 4 (cleaned up).

In addressing Appellant's issues, we are mindful of our well-settled standard and scope of review of an order denying a PCRA petition. Proper appellate review of a PCRA court's dismissal of a petition is limited to an examination of "whether the PCRA court's determination is supported by the record and free of legal error." **Commonwealth v. Miller**, 102 A.3d 988, 992 (Pa. Super. 2014) (citation omitted). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." **Commonwealth v. Lawson**, 90 A.3d 1, 4 (Pa. Super. 2014) (citations omitted). "This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding." **Commonwealth v. Hickman**, 799 A.2d 136, 140 (Pa. Super. 2002) (citation omitted). In contrast, we review the PCRA court's legal conclusions *de novo*. **Commonwealth v. Henkel**, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*), *appeal denied*, 101 A.3d 785 (Pa. 2014).

---

[5] Both Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

It is well-established that the timeliness of a PCRA petition is jurisdictional, and if a PCRA petition is untimely, courts lack jurisdiction over the claims and cannot grant relief. **Commonwealth v. Wharton**, 886 A.2d 1120, 1124 (Pa. 2005); **see also Commonwealth v. Callahan**, 101 A.3d 118, 121 (Pa. Super. 2014) (holding, courts do not have jurisdiction over an untimely PCRA petition). To be timely filed, a PCRA petition, including second and subsequent petitions, must be filed within one year of the date a petitioner's judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). "A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The PCRA's jurisdictional time restriction is constitutionally sound. **Commonwealth v. Cruz**, 852 A.2d 287, 292 (Pa. 2004).

Appellant's judgment of sentence became final on August 28, 2020. Therefore, Appellant had until August 28, 2021, in which to file a timely PCRA petition. 42 Pa.C.S.A. § 9545(b)(1) (stating, a PCRA petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final" unless the petitioner alleges and proved one of the three enumerated exceptions set forth herein). The order currently subject to review denied a petition filed on June 23, 2022. Therefore, the instant petition is patently untimely.

If a PCRA petition is untimely filed, the jurisdictional time-bar can only be overcome if the petitioner alleges and proves one of the three statutory exceptions, as set forth in 42 Pa.C.S.A. § 9545(b)(1). **Commonwealth v. Spotz**, 171 A.3d 675, 678 (Pa. 2017). The three narrow statutory exceptions to the one-year time-bar are as follows: "(1) interference by government officials in the presentation of the claim; (2) newly[-]discovered facts; and (3) an after-recognized constitutional right." **Commonwealth v. Brandon**, 51 A.3d 231, 233-234 (Pa. Super. 2012), *citing* 42 Pa.C.S.A. § 9545(b)(1)(i-iii). A petition invoking an exception to the jurisdictional time-bar must be filed within one year of the date that the claim could have been presented.[6] 42 Pa.C.S.A. § 9545(b)(2) (effective Dec. 24, 2018). If a petitioner fails to invoke a valid exception to the PCRA time-bar, courts are without jurisdiction to review the petition and provide relief. **Spotz**, 171 A.3d at 676.

It is well-established that, to invoke the newly-discovered facts exception, the petitioner must plead and prove facts that were "unknown" to him or her, and that he or she could not uncover such facts with the exercise of "due diligence." **Commonwealth v. Bennett**, 930 A.2d 1264, 1274 (Pa.

---

[6] We note that effective December 24, 2018, the time-period in which to file a petition invoking one of the three exceptions was extended from 60 days to one year. 42 Pa.C.S.A. § 9545(b)(2). This amendment applies to claims arising one year prior to the effective date of the amendment; *i.e.* December 24, 2017, or later. Act. 2018, Oct. 24, P.L. 894, No. 146, § 3. Because Appellant filed his PCRA petition on June 23, 2022, this amendment applies, and Appellant had one year in which to file a petition that validly invoked any of the exceptions to the PCRA's time-bar.

2007); *see also Commonwealth v. Small*, 238 A.3d 1267, 1271 (Pa. 2020) (stating that, the newly-discovered facts exception "renders a petition timely when the petitioner establishes that the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence"). Our Supreme Court recently reiterated the well-established principle that a judicial decision does not constitute a "fact" for purposes of the newly-discovered facts exception. *Commonwealth v. Reid*, 235 A.3d 1124, 1147 (Pa. 2020).

Appellant does not expressly invoke any of the timeliness exceptions set forth in Section 9545. Instead, Appellant notes initially that *nunc pro tunc* reinstatement of appellate rights is an appropriate remedy where a timely PCRA petition has been filed and a deprivation of effective assistance of appellate counsel has occurred. *See* Appellant's Brief at 10-11. Appellant next suggests that *Bagnall* represents a change in the law and that "manifest injustice" would result if he were precluded from litigating his claims of ineffective assistance under the new standards. *See id.* at 12. Appellant concludes that he has "timely preserved" his claims since the ineffectiveness of PCRA counsel could not have been raised until the Supreme Court denied his petition for allowance of appeal on May 3, 2022. *See id.* at 13.

Appellant ignores fundamental principles of Pennsylvania law in advancing his claims that his June 23, 2022 petition was timely, that our Supreme Court's decision in *Bagnall* somehow extended the time for filing a petition for collateral relief, and that a manifest injustice permits us to reach

the merits of Appellant's untimely collateral claims. As we stated above, **Lark** precluded the filing of a subsequent petition until appellate review of Appellant's first petition had concluded. Hence, Appellant's June 23, 2022 petition, filed more that 21 months after his judgment of sentence became final, was patently untimely.

Moreover, Appellant has not validly invoked any of the statutory exceptions to the PCRA's one-year time bar which are set forth at Section 9545. Pennsylvania courts have consistently held that judicial opinions are not new facts under Section 9545(b)(1)(ii). **See Reid**, 235 A.3d at 1148; **Commonwealth v. Watts**, 23 A.3d 980, 987 (Pa. 2011) (subsequent decisional law does not constitute a new fact under Section 9454(b)(1)(ii)). Accordingly, the issuance of the Supreme Court's opinion in **Bagnall** does not implicate the timeliness exception found at Section 9454(b)(1)(ii).

Appellant also cannot rely upon the new constitutional right exception found in Section 9545(b)(1)(iii). This provision is triggered only when "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively." 42 Pa.C.S.A. § 9545(b)(1)(iii). Our review of **Bagnall** leads us to conclude that the decision neither announced a new constitutional right nor contained an express pronouncement of retroactive application. Thus, Section 9545(b)(1)(iii) does not apply in this instance.

In short, everything Appellant needed to know in order to litigate the alleged ineffectiveness of direct appeal counsel was available when Appellant filed his initial timely petition; he cannot now cite the claimed ineffectiveness of original PCRA counsel as grounds for circumventing the PCRA's one-year time bar. *See Commonwealth v. Robinson*, 837 A.2d 1157, 1161 (Pa. 2003) ("[t]he PCRA confers no authority upon this Court to fashion *ad hoc* equitable exceptions to the PCRA time-bar in addition to those exceptions expressly delineated in the Act[]") (citation omitted); *see also Commonwealth v. Bradley*, 261 A.3d 381, 406 (Pa. 2021) (Justice Dougherty concurring) ("Importantly, our decision today does not create an exception to the PCRA's jurisdictional time-bar, such that a petitioner represented by the same counsel in the PCRA court and on PCRA appeal could file an untimely successive PCRA petition challenging initial PCRA counsel's ineffectiveness because it was his 'first opportunity to do so[.]'"); *Commonwealth v. Stahl*, 292 A.3d 1130, 1136 (Pa. Super. 2023) ("Nothing in *Bradley* creates a right to file a second PCRA petition outside the PCRA's one-year time limit as a method of raising ineffectiveness of PCRA counsel or permits recognition of such a right.").

For each of the foregoing reasons, we conclude that the PCRA court correctly dismissed Appellant's June 23, 2022 petition as untimely and not subject to any statutory exception to the PCRA's jurisdictional time bar. Because we lack jurisdiction to reach the merits of Appellant's claims for collateral relief, we need not discuss the second issue Appellant raises on

appeal. We therefore shall affirm the order entered by the PCRA court on November 7, 2022.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/12/2023